IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHELLEY VON BRINCKEN,
JOHN VON BRINCKEN,

     Plaintiffs,                  NO. 2:12-cv-2599-MCE-CKD PS

  vs.

KEITH ROYAL, et al.,              ORDER &
                                                    FINDINGS AND RECOMMENDATIONS
     Defendants.

        This action for violation of 42 U.S.C. § 1983, 15 U.S.C. § 1692, and related state law tort claims arises in connection with the foreclosure of plaintiffs' property.  Before the court is defendants Keith Royal, the Nevada County Sheriff's Department, Keith Grueneberg and Rich Fevinger's (collectively "Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 4.  Plaintiff filed an opposition on December 7, 2012 (dkt. 8), and defendants replied on December 28, 2012 (dkt. 9).

        Defendants' motion to dismiss came on for hearing on January 9, 2013.  Marco Kropf appeared before the undersigned on behalf of defendants.  Plaintiffs, who are proceeding pro se, failed to appear before the court.  Upon review of the documents in support of and in opposition to the motions, upon hearing the argument of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

1

BACKGROUND

On October 18, 2012, plaintiffs were served with an eviction notice and writ of possession by Nevada County sheriffs Keith Gruenberg and Rich Fevinger in connection with the foreclosure of plaintiffs' property. See Dkt. 1 at 2. Plaintiffs are challenging the underlying foreclosure in a separate action before this court. See Case no. 2:12-cv-01689. On October 19, 2012, plaintiffs filed the complaint in the instant litigation alleging that their Fourth Amendment and Due Process rights were violated under 42 U.S.C. § 1983 when defendants served them with the notice and writ of possession. See Dkt. 1. The complaint also alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and includes references to fraud, the intentional infliction of emotional distress, and negligence. Id.

DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

////

////

1                      *Defendants' Request for Judicial Notice*

2            Although a court generally is confined to the pleadings on a Rule 12(b)(6) motion,

3 it can also consider facts which may be judicially noticed. Mullis v. United States Bankruptcy

4 Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). "A judicially noticed fact must be one not subject to

5 reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

6 trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

7 cannot reasonably be questioned." Fed. R. Evid. 201(b). Consideration of these documents

8 outside the complaint will not convert the motion into a motion for summary judgment. United

9 States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

10            Here, the court takes judicial notice of Exhibit A (dkt. 5-1) to defendants' motion

11 to dismiss, the writ of possession issued by the Superior Court of California, County of Nevada.

12 The writ is a court order, signed by the clerk of court, whose accuracy cannot reasonably be

13 questioned. See Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986)

14 (abrogated on other grounds) (allowing judicial notice to be taken of records and reports of

15 administrative bodies).

16                      *Section 1983 Claims*

17            To state a claim under section 1983, a plaintiff must allege that: (1) defendant

18 was acting under color of state law at the time the complained of act was committed; and (2)

19 defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

20 Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

21 (1988). Here, plaintiffs appear to allege violations of their Fifth and Fourth Amendment rights

22 pursuant to 42 U.S.C. § 1983. There is no dispute that the individual officers were acting under

23 color of state law. West, 487 U.S. at 50 ("generally, a public employee acts under color of state

24 law while acting in his official capacity or while exercising his responsibilities pursuant to state

25 law.")

26 ////

<u>Vicarious Liability Under § 1983</u>

In addition to the two deputies who served the eviction notice and writ of possession, plaintiffs also name Sheriff Keith Royal and the Nevada County Sheriff's Department as defendants in this action. Because there is no respondeat superior or vicarious theory of liability generally available under § 1983, claims against these two defendants must be specially plead.

In regards to plaintiffs' claims against Royal, it is alleged that he acted "by and through" the two deputies who actually served the notice, and that he is named in this suit "because he has a central role in directing the activities of the Sheriffs Deputies under his command, sets policy for his department . . . ." <u>See</u> Dkt. 1. But this is insufficient to establish, as plaintiffs must, that each "Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Without more, plaintiffs have not demonstrated how defendant Royal's personal actions resulted in the violation of their constitutional rights. <u>See</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction). Accordingly, plaintiffs' claims against defendant Royal should be dismissed.

Plaintiffs' claims against the Nevada County Sheriff's Department must satisfy the requirements of <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 691 (1978). Since there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. <u>Id</u>. Plaintiffs have made no such showing here. In fact, plaintiffs have plead no factual allegations against this defendant whatsoever, let alone those sufficient to state a claim under the municipal policy theory of liability. Although plaintiffs' opposition to the motion to dismiss acknowledges the requirements of <u>Monell</u>, the opposition merely asserts that: "I have established that the government agencies named have a custom and policy to violate the Fourth Amendment and the due process rights of people who have been foreclosed on by failed to serve

a Warrant . . . . " Dkt. 8-1 at 19.  The complaint contains no allegations supporting such an assertion and mere conclusory statements do not suffice.  See Iqbal, 129 S. Ct. at 1949. Accordingly, the Nevada County Sheriff's Department should be dismissed from this action.

<div align="center">Quasi-Judicial Immunity</div>

Defendants Gruenberg and Fevinger claim that they are entitled to absolute immunity from liability under § 1983 by way of the quasi-judicial immunity doctrine.  Dkt. 4-1. "Judicial immunity is not limited to judges.  All those who perform judge-like functions are immune from civil damages liability." Ryan v. Bilby, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985). In Fayle v. Stapley, the Ninth Circuit concluded that certain government officers were immune from civil rights liability for actions authorized by a court order.  607 F.2d 858, 862 n.4 (9th Cir. 1979).  Since then, the Court has extended that immunity to all persons who faithfully execute valid court orders, explaining that such persons are "integral parts of the judicial process" and "the fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." Coverdell v. Department of Social & Health Services, 834 F.2d 758, 764-65 (9th Cir. 1987); see Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997) (holding that "bailiffs enjoy absolute quasi-judicial immunity for actions specifically ordered by the trial judge and related to the judicial function"), Henry v. Farmer City State Bank, 808 F.2d 1228, 1238-39 (7th Cir. 1986) (extending absolute quasi-judicial immunity to a sheriff acting pursuant to an official court order to enforce a money judgment of the court and explaining that "it is difficult to think of a task more intimately related to a judicial proceeding than that of enforcing a money judgment entered by a court.")

Here, the allegations show that defendants Gruenberg and Fevinger, both county sheriffs, served an eviction notice and writ of possession upon plaintiffs on October 18, 2012, pursuant to a court order of the Nevada County Superior Court.  Dkt. 1 at 2.  Enforcing what they believed to be a valid judgment of the court, these defendants are protected by quasi-judicial immunity.  No allegations support a claim that either of the defendants acted outside the scope of

their authority in executing court orders. Thus, the claims against them should be dismissed. See Coverdell, 834 F.2d at 765 (a wronged plaintiff may always attack the court's order directly or on appeal, but the worker who faithfully executes such orders may not become a "lightning rod for harassing litigation aimed at judicial orders.") Plaintiffs' reliance on cases disallowing qualified immunity in various circumstances — involving entirely different actors and differing causes of action — are not on point and lend no support to plaintiffs' argument.

*Other Claims*

The complaint also includes reference to various other causes of action including the FDCPA, 15 U.S.C. § 1692, fraud, intentional infliction of emotional distress and negligence. Plaintiff sets forth no factual allegations that can support a claim under any of the statutes. For example, with respect to § 1692, plaintiffs do not allege that any of the defendants are debt collectors within the meaning of the statute. See 15 U.S.C. § 1692a(6); Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008) (to state a claim under the FDCPA, plaintiff must allege that defendants are debt collectors as defined by the statute). Plaintiffs' bare assertion that "[D]efendants intentionally inflicted emotional distress" does not state a claim for the state law tort and survive a motion to dismiss under Iqbal. See Dkt. 1 at 49, 129 S. Ct. at 1949. There are no factual allegations supporting plaintiffs' reference to fraud or negligence.

CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that defendants' request for judicial notice (dkt. 5) is GRANTED.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (dkt. 4) be granted; and
2. This entire action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9

von brincken2599 MTD